IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL RIVERA,<br>    Plaintiff<br><br>        v.<br><br>MICHAEL KNAPP, et al.,<br>    Defendants | No. 1:22-cv-00673<br><br>(Judge Rambo) |

## MEMORANDUM

Before the Court are the parties' various pending motions. (Doc. Nos, 14, 15, 18, 21, 24.) This Memorandum and accompanying Order resolves those pending motions.

## I.  BACKGROUND

Plaintiff Angel Rivera ("Plaintiff") is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"). On May 9, 2022, he commenced the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983, asserting that his constitutional rights were violated while he was incarcerated at State Correctional Institution Rockview in Bellefonte, Pennsylvania. (Doc. No. 1.) In addition to his complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis, as well as his prisoner trust fund account statement. (Doc. Nos. 2, 3.)

On May 16, 2023, the Court granted his motion for leave to proceed in forma pauperis, deemed his complaint filed, and directed the Clerk of Court to serve, inter

alia, a copy of his complaint on the named Defendants. (Doc. No. 5.) In addition, the Court requested that Defendants waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. (Id.) In accordance with the Court's request, Defendants returned the waiver of service on June 14, 2022, and they filed their answer to Plaintiff's complaint on July 15, 2022. (Doc. Nos, 7, 8.) After receiving Defendants' answer, the Court issued an Order on July 18, 2022, setting a close of fact discovery deadline of January 18, 2023, and a dispositive motions deadline of March 20, 2023. (Doc. No. 9.)

On January 23, 2023, Defendants filed a motion to reopen discovery, explaining that Defendants had received a discovery request from Plaintiff on January 20, 2023, shortly after the discovery period closed. (Doc. No. 12.) Defendants also noted, however, that the discovery request was dated by Plaintiff as January 9, 2023. (Id.) As a result, Defendants requested that the Court reopen discovery in this matter and extend the deadline for filing dispositive motions. (Id.) On February 13, 2023, the Court granted Defendants' motion and directed the parties to complete discovery by March 24, 2023, and to file dispositive motions by May 23, 2023. (Doc. No. 13.)

On March 24, 2023, the date on which discovery was set to close, Defendants filed a motion for an extension of time to complete discovery, as well as a motion to take Plaintiff's deposition. (Doc. Nos. 14, 15.) Plaintiff filed a brief in opposition


to Defendants' motions on April 11, 2023. (Doc. No. 16.) Plaintiff also subsequently filed a motion to compel discovery from Defendants, supporting brief, and exhibits (Doc. Nos. 18 through 20), as well as a motion to compel arbitration (Doc. No. 21). Defendants then filed a motion for an extension of time to file a brief in opposition nunc pro tunc to Plaintiff's motion to compel along with a brief in opposition. (Doc. Nos. 24, 25.)

**II.   DISCUSSION**

  **A.   Defendants' Motion for an Extension of Time to Complete Discovery and Motion to Take Plaintiff's Deposition**

Defendants have filed a motion for an extension of time to complete discovery and a motion to take Plaintiff's deposition. (Doc. Nos. 14, 15.) In their motion for an extension of time to complete discovery, Defendants allege that, on March 24, 2023, defense counsel had scheduled Plaintiff's deposition, at which Plaintiff appeared and was willing to participate. (Doc. No. 14 at 1.) However, Defendants explain, the caption for a different case that Plaintiff has filed in the Middle District of Pennsylvania was inadvertently placed on the notice of deposition, which had been delivered to Plaintiff. (Id. at 1–2.) Defendants acknowledge that Plaintiff agreed to move forward with the deposition, but defense counsel believed that the deposition would be unproductive, as Plaintiff did not have any of the relevant documents with him. (Id. at 2.) As a result, defense counsel informed Plaintiff that he would be seeking an extension of time to complete discovery to finish Plaintiff's

3

deposition. (Id.) Defense counsel asserts that, after the deposition was over, he realized that he never filed a motion with the Court seeking leave to depose Plaintiff. (Id.) Defense counsel apologizes for this error and has filed a motion to take Plaintiff's deposition contemporaneously with Defendants' motion for an extension of time to complete discovery. (Id. at 2; Doc. No. 15 (containing Defendants' motion to depose Plaintiff under Rule 30(a)(2) of the Federal Rules of Civil Procedure).)

Plaintiff, however, has opposed Defendants' discovery-related motions. (Doc. No. 16.) Plaintiff argues that Defendants, who previously moved to reopen discovery in this matter (id. at 1), have failed "once again" to comply with Court Orders (id. at 2). In addition, although Plaintiff acknowledges that the deposition notice contained information from his other case that he has filed in the Middle District, he contends that he was still willing to proceed, that he was adequately prepared, and that he was able to go to his cell to obtain the necessary documents. (Id.) Plaintiff further contends that he believes defense counsel was unsatisfied with his deposition answers and, thus, under the guise of arguing that Plaintiff was unprepared for the deposition, sought an extension of the discovery deadline and permission to take Plaintiff's deposition. (Id. at 3.)

The Court, having reviewed the parties' respective arguments, will grant Defendants' motion for an extension of time to complete discovery and will also grant Defendants' motion to take Plaintiff's deposition. At the outset, the Court

observes that, under the Federal Rules of Civil Procedure, the scope of discovery is broad: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" See Fed. R. Civ. P. 26(b)(1).  However, this broad scope of discovery "is not unlimited and may be circumscribed." See Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999) (citations omitted).  The Court further observes that issues relating to the scope and conduct of discovery are matters for the discretion of the Court.  See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  As such, the Court's decisions regarding the scope and conduct of discovery will not be disturbed absent a showing of an abuse of discretion.  See Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

Moreover, and particularly relevant here is Rule 16(b)(4), which governs a party's request to modify a scheduling order.  See Fed. R. Civ. P. 16(b)(4).  More specifically, that Rule provides that "[a] schedule may be modified only for good cause and with the judge's consent." See id.  "[W]hether 'good cause' exists under Rule 16(b)(4) depends in part on a [party's] diligence." Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020) (citations omitted).  In addition, the party seeking to modify the scheduling order carries the burden to demonstrate such good cause.  See Fed. R. Civ. P. 16, Advisory Committee Note (1983) (explaining

that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

Here, the Court finds that there is good cause to modify the scheduling order and extend the time period for the parties to complete discovery and file dispositive motions.  First, based upon the parties' respective filings, they seem to agree that Plaintiff's notice of deposition contained the wrong case information—that is, it contained information for a different case that Plaintiff has filed in the Middle District (i.e., Rivera v. Dempsey, No. 1:22-cv-00233 (M.D. Pa. filed Feb. 17, 2022). As a result, there was inherent confusion surrounding Plaintiff's deposition.  Second, defense counsel realized that he had failed to file a motion with the Court prior to taking Plaintiff's deposition.  While Plaintiff may dispute when defense counsel reached this realization and may also argue that he was, nonetheless, willing to proceed with his deposition, the Court is unpersuaded.  Under Rule 30(a)(2), a party must obtain leave of court to conduct a deposition "if the deponent is confined in prison."  See Fed. R. Civ. P. 30(a)(2)(B).  Thus, it was most appropriate for defense counsel to obtain such leave of Court before proceeding any further.  And, third, Plaintiff has filed a motion to compel discovery from Defendants.  (Doc. No. 18.) As reflected by the Court's docket, Plaintiff filed this motion after Defendants filed their motion to extend the discovery deadline in this case (Doc. No. 14) and after the discovery deadline had already passed (Doc. No. 13).  Thus, it appears that, while

Plaintiff may dispute the veracity of Defendants' basis for seeking an extension of the discovery deadline, Plaintiff appears to seek a similar modification of the Court's scheduling order. (Doc. No. 13.)

Accordingly, for all of these reasons, and consistent with the spirit of the Federal Rules, the Court will grant Defendants' motion for an extension of time to complete discovery, as well as Defendants' motion to take Plaintiff's deposition. See generally Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988) (reiterating that "the requirements of the rules of procedure should be liberally construed and that mere technicalities should not stand in the way of consideration of a case on its merits" (citation and internal quotation marks omitted)); Foman v. Davis, 371 U.S. 178, 181 (1962) (stating that "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities.").

### B. Plaintiff's Motion to Compel Discovery

As set forth above, Plaintiff has filed a motion to compel discovery, supporting brief, and various exhibits. (Doc. Nos. 18 through 20.) Plaintiff seeks numerous discovery items from Defendants, including, among other things, copies of emails, incident reports, behavior reports, accountability status sheets/forms, and video footage. (Id.) Defendants have filed a motion for an extension of time to file a brief in opposition nunc pro tunc to Plaintiff's motion to compel, along with their

7

brief in opposition. (Doc. Nos. 24, 25.) Plaintiff has not opposed Defendants' nunc pro tunc motion, see M.D. Pa. L.R. 7.6, and the time period for doing so has passed. Thus, the Court will grant Defendants' motion and accept their brief as filed.

In their brief in opposition, Defendants argue, inter alia, that Plaintiff's motion to compel does not comply with the Federal Rules of Civil Procedure or the Local Rules, and the Court agrees. Pursuant to Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection[,]" where discovery has been previously requested, but not answered, designated, or produced. See Fed. R. Civ. P. 37(a)(3)(B). The party seeking such discovery is required to "include a certification that the movant has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." See id. at 37(a)(1); Lofton v. Wetzel, No. 12-cv-01133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 29, 2015) (discussing and applying Fed. R. Civ. P. 37(a)(1) to a pro se prisoner's motion to compel discovery).

Here, however, Plaintiff's motion to compel discovery has not included a certification that he has, in good faith, conferred or attempted to confer with opposing counsel before seeking intervention from the Court. As a result, the Court finds that Plaintiff's motion to compel discovery does not satisfy Rule 37 of the Federal Rules of Civil Procedure.

In addition, the Court finds that Plaintiff's motion does not comply with the Local Rules of Court. According to those Rules, discovery requests "shall not be filed with the [C]ourt except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of the [C]ourt." See M.D. Pa. L.R. 5.4(b)  In addition, "[i]f relief is sought under any of the Federal Rules of Civil Procedure, a copy of the discovery matters in dispute shall be filed with the [C]ourt contemporaneously with any motion filed . . . by the party seeking to invoke the [C]ourt's relief." See M.D. Pa. L.R. 5.4(c); see also M.D. Pa. L.R. 5.4(b) (providing that the "party responsible for serving a discovery request shall retain and become the custodian of the original response").

Here, however, Plaintiff's motion to compel discovery was filed with the Court even though it did not comply with Rule 37 of the Federal Rules of Civil Procedure. In addition, Plaintiff has not provided a copy to the Court of which prior discovery request concerned the various items that he seeks to compel or Defendants' response to such prior discovery request. Accordingly, Plaintiff's motion will be denied for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Court.

    **C.    Motion for Arbitration**

Plaintiff has filed a motion for arbitration requesting that the Court "administer and schedule a hearing for [c]ompulsory [a]rbitration in accordance with

Pa. R. Civ. P. 1301." (Doc. No. 21.) Plaintiff's motion will be denied. Plaintiff provides neither a factual nor legal basis for his motion for arbitration or how Rule 1301 of the Pennsylvania Rules of Civil Procedure applies to his federal civil rights action.

### III. CONCLUSION

Accordingly, for all of the foregoing reasons, this Memorandum resolves the parties' pending motions. (Doc. Nos. 14, 15, 18, 21, 24.) An appropriate Order follows.

Dated: January 23, 2024                    s/ Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge